**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re: MICHAEL WAYNE HARDING, | ) | Case No. 11-61062-LYN |
| | ) | |
| Debtor. | ) | |
| | ) | |
| KERRY HALL, | ) | Adv. No. 11-06131 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL WAYNE HARDING, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

**MEMORANDUM**

This matter comes before the court on a complaint filed by Kerry Hall ("the Plaintiff") seeking a monetary judgment against Michael Wayne Harding ("the Debtor" or "the Defendant"). The Plaintiff further seeks a declaration that any such judgment is nondischargeable under 11 U.S.C. § 523(a)(2),(4)&(6).

*Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P.

1

7052.

*Facts*

On or about August 18, 2010, the Plaintiff loaned $300,000.00 (the "Loan") to HMC Holdings, LLC ("HMC") which is a Virginia limited liability company solely owned by the Debtor. The Plaintiff understood that the loan would be secured by a second priority lien on a parcel consisting of 4.75 Acres (the "4.75 Acre Parcel"). The 4.75 Acre Parcel is improved in that the front section of a commercial building sits on it. Together, the 4.75 Acre Parcel and the improvement are commonly known as 4257 Seminole Trail, Charlottesville, VA 22911, in Albemarle County (the"Property"). The Debtor personally guaranteed the Loan. The parcel was assessed at more than $2,000,000.00.

The Loan was evidenced by a three-month promissory note in the amount of $337,500.00 ("the Hall Note") and a deed of trust ("the Hall Deed of Trust"), both which were executed by the Debtor personally and on behalf of HMC. The Plaintiff recorded the Hall Deed of Trust in the Albemarle County land records.

On November 16, 2010, the Hall Note matured and the Debtor defaulted thereon. Neither HMC nor the Debtor has made any payments on the Hall Note.

On April 22, 2011, the Debtor filed the above-styled petition initiating a chapter 11 bankruptcy case. On August 22, 2011, the Plaintiff filed a proof of claim asserting a secured claim in the amount of $355,501.26. The claim is based on the Hall Note and the Hall Deed of Trust and a confession of judgment. The Debtor has not filed an objection to the proof of claim.

On November 8, 2011, the Plaintiff filed the above-styled adversary proceeding. On May 22, 2012, the case was converted to Chapter 7. A trial was held in the adversary proceeding

on July 16, 2012. The Court let issue a notice that it would delay the issuance of a judgment because Vision Mortgage, Inc., another creditor of the Defendant, had filed a complaint objecting to the Defendant's discharge and the Plaintiff and the United States trustee had filed separate motions to extend the time to file a complaint objecting to the Defendant's discharge. The court entered the notice of delayed consideration because the resolution of any of the three possible complaints objecting to discharge could render judgment in this adversary proceeding moot.

On February 22, 2013, the United States trustee filed a complaint objecting to the entry of discharge in this case. On April 15, 2013, judgment was entered in favor of the United States trustee granting the objection to discharge. It is now appropriate to consider the claims in the above-styled adversary proceeding.

### *Discussion*

This adversary proceeding brings two issues before the court. The first is the reduction of the Debtor's claim to judgment. The second is whether that claim is dischargeable.

A.

The dispute at trial concerned whether the debt owed under the Hall Note is dischargeable in this bankruptcy case. The Debtor did not contest the debt itself or the amount of the debt. The Plaintiff seeks a judgment in the amount of $413,324.75 including the face amount of the note ($337,500.00), a 5% late fee provided by the note ($16,875.00), and attorney's fees and costs provided for by the note ($58,949.75).

The Defendant did not provide either evidence or argument in contravention of this amount. Accordingly, judgment shall be entered in the amount of $413,324.75 in favor of the

Plaintiff.

B.

The Debtor requests the court to render judgment in the above-styled adversary proceeding finding that the debt giving rise to the Plaintiff's claim is non-dischargeable. It will not be necessary to do so.

On April 15, 2013, judgment was entered on docket in Adversary Proceeding no. 13-06020 in this bankruptcy case denying the Debtor's discharge under 11 U.S.C. § 727(a)(2), (3), (4), (5), (6), & (7). The judgment became final on April 29, 2013. The Debtor will not receive a discharge in this case. Consequently, the defense of discharge in bankruptcy will not be available to the Debtor in any action to collect the above referenced judgment.

Nor will the Debtor be permitted to discharge the debt arising under that judgment in any future bankruptcy case that he may initiate. *See* 11 U.S.C. § 523(a)(10).[1] (A discharge in any subsequent case does not apply to a debt that was or could have been scheduled in a prior case in which the debtor was denied a discharge.)

Because the defense of discharge in bankruptcy will not be so available to the Debtor, the Plaintiff cannot benefit from any determination regarding the dischargeability of any such debt. Accordingly the cause of action is rendered moot and will be dismissed.

---

[1] Section 523(a)(1) provides:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

. . .

(10) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title, or under section 14c(1), (2), (3), (4), (6), or (7) of such Act;

4

**Conclusion**

An appropriate judgment shall issue in favor of the Plaintiff in the amount of $413,324.75. An order shall issue dismissing the cause of action seeking a declaration that the underlying debt is non-dischargeable.

Upon entry of this Memorandum the Clerk shall forward a copy to the chapter 7 trustee, the United States trustee, C. Connor Crook, Esq., and Nancy Schlichting, Esq.,

Entered on this 10th day of May, 2013.

/s/ William E. Anderson
William E. Anderson
United States Bankruptcy Judge